## DISTRICT OF COLUMBIA v. PEARSON.

(Court of Appeals of District of Columbia. Submitted February 7, 1921. Decided March 7, 1921.)

### No. 3484.

1. **Food** ⟸3—**Druggist required to pay license for soda fountain.**

Within Act July 1, 1902, § 7, par. 19, requiring owners of restaurants, ice cream parlors, or eating houses, by whatever name, where food or refreshments are served to be eaten on the premises where sold, to pay a license tax, the words "where food * * * or refreshments are served * * * to be eaten on the premises," is not merely descriptive of the places theretofore named, but were intended to include all places within that description, so that a druggist must pay the license for the privilege of conducting his soda fountain in the ordinary way, though it is not within the term "ice cream parlor."

2. **Statutes** ⟸219—**Nonenforcement against druggists held not construction of refreshment license act.**

The fact that druggists had not before been compelled to pay the license tax imposed by Act July 1, 1902, § 7, par. 19, on owners of places where refreshments are sold to be eaten on the premises, is not an administrative construction of the act, which should be followed, since it merely establishes an omission to enforce the act against them, not a deliberate construction of the act.

In Error to the Police Court of the District of Columbia.

Paul Pearson was charged by information with selling refreshments without having obtained a license so to do, and, after the court granted his motion to quash the information on an agreed statement of facts, the District of Columbia brings error. Reversed.

F. H. Stephens and F. W. Hill, Jr., both of Washington, D. C., for the District of Columbia.

Conrad H. Syme, of Washington, D. C., for defendant in error.

STAFFORD, Acting Associate Justice. The act approved July 1, 1902, in section 7, par. 19, provides:

"That victualers, owners of restaurants, oyster houses, cookshops, ice cream parlors, dairy lunches, or eating houses, by whatsoever name designated, where food, meals, or refreshments are served to transient customers, to be eaten on the premises where sold, shall pay a license tax of eighteen dollars per annum: Provided, that this paragraph shall not apply to the proprietors of hotels nor to private boarding houses where board and lodging are provided by the week or month." 32 Stat. 625.

The defendant was informed against in the police court under this paragraph, charged with selling an ice cream sundae, a glass of mineral water, a glass of malted milk, and a glass of soda water to patrons, which were served and eaten at the soda fountain of the defendant, as is more specifically set out in an agreed statement of facts attached to the information, he not being then and there a proprietor of a hotel and not being then and there conducting a private boarding house, without having obtained a license so to do, contrary, etc.

The agreed statement is as follows:

⟸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The defendant is a duly licensed druggist and has been for 25 years, and made a sale of one ice cream sundae, one glass of soda water, one glass of malted milk, one glass of mineral water to patrons on the 20th day of October, 1920, which were served and consumed at the soda fountain of the defendant.

"The defendant is the proprietor of a typical drug store located at Eighteenth and U Streets, Northwest, in the city of Washington, District of Columbia, and has operated said drug store since the 15th day of July, 1902, and is now operating the same; that the equipment of said drug store consists of the usual supply of drugs of a typical drug store, patent medicines, toilet articles, stationery and such other articles of merchandise as are usually and ordinarily carried in drug stores, and a soda water fountain; that his soda fountain business represents about 15 per cent. of his total business and that the ice cream he sells at his soda fountain amounts to about 25 per cent. of his total sales at said fountain; that soda water, mineral waters, malted milk and ice cream are dispensed at the soda fountain by a clerk who, while not serving the fountain, assists generally in the other business of the store; that ice cream is served with soda water when it is so ordered in a drink known as ice cream soda; and is otherwise served at a counter the same place where the drinks are served, usually in the form of ice cream sundaes; that persons ordering ice cream generally in the form of sundaes are served at the fountain by the same clerk, or attendant, and in the same manner that persons ordering soda water or mineral waters are served; that the defendant has no regular table for the accommodation of patrons who are thus served, but there is near the fountain a small table for children which they sometimes use as a matter of convenience; that he serves no coffee or cake, or other eatables that usually go with ice cream in regular ice cream establishments and has no service for ice cream except the general soda fountain service above set forth; that ice cream parlors, such as existed at the time of the passage of the act of 1902, were establishments where ice cream, tea, coffee, cake, pies, and confections, and frequently hot rolls and butter were served to customers, were equipped with tables and the service was by regular waiters and the patrons ordered from the tables and ate their ice cream, etc., at said tables, and there was no counter for service such as characterizes the ordinary soda fountain; that said ice cream parlors were establishments separate from any other business and were conducted as ice cream parlors and so generally known. It is also agreed that druggists have never heretofore been compelled to take out a license under paragraph 19, Act July 1, 1902."

The court granted a motion to quash the information. Exceptions were taken by the District, a bill thereof duly signed and filed, and the cause is here in answer to a writ of error from this court.

[1] The argument for the defendant is based upon a reading of the paragraph in question after this fashion. It is that license fees are required only of the keepers of victualing shops, restaurants, oyster houses, cookshops, ice cream parlors, dairy lunches or eating houses, and that the words "by whatsoever name designated" have no effect, except to make the act apply to those very places as previously conducted and understood, although bearing perhaps a different name; and the words of general description next following, viz. "where food, meals, or refreshments are served to transient customers, to be eaten on the premises where sold," do not constitute a definition of what the Congress meant by the places named, and therefore do not broaden the words "restaurants, oyster houses," etc., at all, but only refer to such previously named places. But if this were so there would be no use or purpose in adding the words, for certainly the Legislature knew that food or refreshments were sold at each one of those places. But if Congress meant to say that any other place at which food, meals

or refreshments were served to transient persons to be eaten on the premises was to be considered exactly the same as a restaurant, etc., by whatsoever name it might be designated, then the words did serve some purpose. We cannot think they were employed without any purpose, and we are satisfied that they were employed for the purposes stated. That being so, there can be no question that the defendant's premises came within the class described, for malted milk and ice cream are certainly food, and mineral water and soda water are certainly refreshments; indeed, they are all refreshments, and they were certainly served on the premises where they were sold, and were to be eaten there.

[2] Stress is laid upon the admitted fact that heretofore druggists have not been compelled to pay a license fee in such cases, because, it is said, the construction so long given the act ought to be followed as being the administrative interpretation given to language which, to say the least, was not unambiguous. But we are only told that the authorities have omitted to enforce the act in such cases, not that there has ever been a deliberate construction of the act by the proper administrative officers. Moreover, we do not know what reason may have existed for such omission, if it was deliberate. It may have been because the extent to which soda fountains dispensed ice cream and malted milk was formerly very small compared to the extent to which they have come to dispense them of late, and the facts may have called the matter more strikingly to their attention in recent months. At all events we see nothing in the suggestion to require us to shut our eyes to what seems to us the necessary meaning of the statute.

It follows that the judgment of the police court must be reversed, with costs to appellees, to be proceeded with in conformity herewith.

Reversed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.